UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| ROBB EVANS AND ASSOCIATES LLC, AS COURT-APPOINTED RECEIVER IN THE *IN RE SANCTUARY BELIZE LITIGATION*<br><br>Plaintiff,<br><br>v.<br><br>JORGE DIAZ-CUETO et al,<br><br>Defendants. | No. 8:21-cv-2049 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS WITH EMBEDDED MEMORANDUM OF LAW [DOC. 12]**

**I.     SUMMARY OF ARGUMENT**

Marc-Philip Ferzan of Ankura Consulting Group, LLC ("Receiver") who is the successor to the receiver Robb Evans & Associates LLC[1] hereby moves the Court for an order striking the Defendants' Motion to Dismiss with Embedded Memorandum of Law (Doc.12) ("Motion to Dismiss") for failure to comply with Local Rules 101 and 102 because (i) Movant, Defendant and electronic signatory to the Motion to Dismiss, Jorge Diaz-Cueto ("Diaz-Cueto") is a Florida attorney not admitted, *pro hac vice* or otherwise, before this Court; (ii) no local counsel has appeared on behalf of Defendants; (iii) to the extent that Diaz-Cueto is attempting to appear *in*

---

[1] Reference is made to the *Notice of Substitution of Plaintiff and Successor Receiver* by which Mr. Ferzan was named successor receiver (Doc. 9) and *the Order Appointing Marc-Philip Ferzan as Receiver* which is Doc. 1305 in the *In re Sanctuary Belize Litigation*, Case No. 18-cv-3309-PJM.

*pro per*, he has only identified himself as appearing as counsel and has not identified himself as appearing *in pro per* or signed the Motion to Dismiss as required by this Court's general operating procedures and Local Rule 102.1(a)(ii); and (iv) even if Diaz-Cueto were properly appearing *in pro per*, such appearance would not be appropriate for corporate Defendant Bella Mar Estates, Ltd. ("Bella Mar") which, as a corporate entity, is required to be represented by an attorney properly admitted to this Court.

## II.   STATEMENT OF FACTS

Named-defendant Diaz-Cueto is a licensed Florida attorney. (Declaration of Gary Owen Caris ("Caris Declaration") at ¶¶4-5)  Diaz-Cueto is the president of Defendant Bella Mar. *Id*.

When the predecessor Receiver Robb Evans & Associates LLC sought to compel discovery against Diaz-Cueto and Bella Mar for discovery violations in the District Court for the Southern District of Florida,[2] Diaz-Cueto used the Armas Bertran Pieri law firm as his counsel. (Caris Declaration at ¶¶6-7) This same firm initially and informally represented Defendants in this matter and executed the Waiver of Service of Summons on behalf of both defendants. (Caris Declaration at ¶8; Doc. 8) In that waiver, the lawyer executing the waiver notes in his signature block that his *pro hac vice* motion is "to be filed." (Doc. 8)

Receiver then approved Defendants' request for an extension of time to respond to the Complaint. Before it was filed, the Armas Bertran Pieri firm again reviewed and approved a joint motion which extended the time to respond to the Complaint until November 18, 2021. (Caris Declaration at ¶9; Doc. 10)   In that motion, it is stated: "Defendants assert that they have

---

[2] *In re Sanctuary Belize Litigation*, Petitioner Robb Evans and Associates LLC v. Bella Mar Estates Limited and Jorge Diaz-Cueto, Case No. 1:20-mc-20285-JEM.

diligently searched for local counsel, and anticipate a local counsel appearing on their behalf shortly. Defendants have Florida-based counsel, J. Alfredo Armas of Armas Bertran Pieri, who executed the Defendants' Waiver and who represents to the Court and the Plaintiff that he will likely seek pro hac admission into this action." (Doc. 10 at ¶3) It is further stated that Defendants "require the requested extension to finalize retention of local counsel and to finalize their response to the Complaint under Rule 12." (*Id*. at ¶4) No such *pro hac* motion was filed and no one from the Armas Bertran Pieri firm ever filed appearances for either Defendant in this case.

On November 18, 2021, Diaz-Cueto, through his legal assistant, sent an email to Receiver's legal counsel with an attached motion to dismiss. In that email, it is stated that Diaz-Cueto "has been admitted pro hac vice to Maryland District Court and is in process of securing local counsel. Two other law firms will be filing notice of appearance in the coming week. The Pro Hac Vice approval was received today…" (Caris Declaration at ¶10) The Court's roll of admitted attorneys and this case's docket indicates that Diaz-Cueto was not admitted to this Court as of November 18, 2021 or otherwise. Additionally, the putative motion to dismiss attached to the November 18, 2021 email was not the same document as the Motion to Dismiss filed with this Court on November 23, 2021. (Caris Declaration at ¶10)

On November 30, 2021, Diaz-Cueto agreed to an extension of time for the Receiver to respond to the Motion to Dismiss and the parties filed an agreed motion seeking the Court's approval of this extension. (Doc. 13) The agreed motion states: "Local counsel has not yet appeared for Defendants." (Doc. 13 at ¶3) As with the Motion to Dismiss, Diaz-Cueto signed for himself and Bella Mar.

At present, it does not appear that Diaz-Cueto is admitted to this Court and no local counsel has appeared on Defendants' behalf.

### III.   ARGUMENT

Local Rule 101 states that subject to certain exceptions, not applicable in this matter, "only members of the Bar of this Court may appear as counsel in civil cases." Diaz-Cueto, though licensed in Florida, is not admitted to this Court generally or *pro hac vice*. Therefore, the Motion to Dismiss should be stricken. For instance, in *Riddle & Associates, P.C. v. Livingston*, 2005 WL 8175598 (D. Utah 2005), motions to dismiss were prepared by a defendant who, though an attorney, was not admitted to practice before the Court. The Court noted "[u]nder normal circumstances, the court does not condone this unauthorized practice of law, and would grant the motions to strike the improperly filed motions." *Id*. at *1. However, since proper and admitted counsel appeared after the improper motions were filed, the Court declined to strike the motions. *Id*. Here, Defendants initially and erroneously told Receiver that Diaz-Cueto had been admitted *pro hac vice*, then, by later-filed pleadings softened this stance to indicate that *pro hac vice* admission was forthcoming. That has not happened. Therefore, the Motion to Dismiss should be stricken.

Even if Diaz-Ceuto were properly admitted *pro hac vice*, the Defendants still remain in violation of Local Rule 101 which requires that "any party represented by an attorney who has been admitted *pro hac vice* must also be represented by an attorney who is, and continuously remains, an active member in good standing of the Bar of this Court who shall sign all documents and, unless excused by the presiding judge, be present at any court proceedings." No such local counsel has affiliated with Defendants. No attorney admitted to this Court has signed

any pleadings on behalf of Defendants. Defendants have been aware of the need to have local counsel and yet to retain one.

As it stands, Diaz-Cueto could arguably be representing himself *in pro per*. However, his signature block on the Motion to Dismiss does not indicate this. From all appearances, it appears as though Diaz-Cueto is appearing as counsel, not *in pro per*. If his intentions were to appear *in pro per*, then his e-signature is deficient, because a party who is not counsel of record may only offer (1) a scanned signature; or (2) a /s/ signature along with a statement that he or she has a signed copy available for inspection at any time by the Court or a party to the action.[3] In addition, Local Rule 102.1(a)(ii) provides: "When a party is appearing without counsel, the Clerk will accept for filing only documents signed by that party." Diaz-Cueto has not properly identified himself as appearing *in pro per* or properly signed the Motion to Dismiss.

In any event, Bella Mar cannot appear without counsel. It "has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). *See also* Local Rule 101.1(a) ("All parties other than individuals must be represented by counsel.").

### IV.  CONCLUSION

The Motion to Dismiss should be stricken since Diaz-Cueto is not licensed before this Court, no local counsel has appeared on behalf of Defendants, Diaz-Cueto has not properly

---

[3] *See* Court's General Procedures https://www.mdd.uscourts.gov/content/non-attorney-signature-formats.

identified himself or signed the Motion to Dismiss as an *in pro per* litigant and Bella Mar, as a corporation, must have counsel when appearing in this Court.

                                                          Respectfully submitted,

Dated: January 10, 2022          By: /s/ *Gary Owen Caris*
                                                          Gary Owen Caris (CA Bar No. 088918)
                                                          Admitted *Pro Hac Vice* 8/19/21
                                                          BARNES & THORNBURG LLP
                                                          2029 Century Park East, Suite 300
                                                          Los Angeles, CA  90067
                                                          Telephone:     (310) 284-3880
                                                          Facsimile:      (310) 284-3894
                                                          Email:             gcaris@btlaw.com

                                                          By: /s/ *James E. Van Horn*
                                                          James E. Van Horn (Bar No. 29210)
                                                          BARNES & THORNBURG LLP
                                                          1717 Pennsylvania Avenue, NW,
                                                          Suite 500
                                                          Washington, DC 20006
                                                          Telephone:     (202) 289-1313
                                                          Facsimile:      (202) 289-1330
                                                          Email:             jvanhorn@btlaw.com

                                                          By:  */s/ Kevin C. Driscoll, Jr.*
                                                          Kevin C. Driscoll, Jr.
                                                          Admitted *Pro Hac Vice* 12/21/21
                                                          BARNES & THORNBURG LLP
                                                          One N. Wacker Dr., Suite 4400
                                                          Chicago, Illinois 60606
                                                          Telephone:     (312) 357-1313
                                                          Facsimile:       (312) 759-5646
                                                          Email:              kevin.driscoll@btlaw.com

                                                          Attorneys for Plaintiff, Marc-Philip
                                                          Ferzan of Ankura Consulting Group,
                                                          LLC, as Court-appointed Receiver in
                                                          the *In re Sanctuary Belize Litigation*