# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ROBB EVANS AND ASSOCIATES
AS COURT APPOINTED RECEIVER
IN THE IN RE SANCTUARY BELIZE
LITIGATION

      Plaintiff                      CASE NO.: 8:21-CV-2049

VS.

JORGE DIAZ-CUETO
AND
BELLAMAR ESTATES, LTD

      Defendants

_____/

## SWORN TO AFFIDAVIT IN SUPPORT OF MOTION TO DISMISS

**AFFIDAVIT OF JORGE DIAZ CUETO AND BELLA MAR ESTATES LTD.**

BEFORE ME, the undersigned authority, personally appeared Jorge Diaz-Cueto, Esq., who being first duly sworn and cautioned upon his oath, deposes and states:

1. That I am the President of Bella Mar Estates Ltd., a Bahamian company. (hereinafter Jorge Diaz-Cueto and Bella Mar Estates Ltd will be referred to collectively as the "Defendants" or individually as "Cueto" or "Bella Mar").
2. Defendants have never transacted business in the state of Maryland.
3. Defendants have no bank accounts in Maryland.

4. Defendants do not have offices in Maryland.

5. Defendants do not have any employees or agents in Maryland.

6. Defendants have never solicited business in Maryland.

7. Defendants do not own any property in Maryland.

8. Defendant Cueto has never been to Maryland.

9. In paragraph 83 of the complaint the plaintiff states. "additionally, the deal documents and amended mortgage should be rescinded, because Newport received inadequate consideration by agreeing to pay $2.8 million for the Long Island parcel, after removing the Rosanna Newman tract, when Island Acquisition had purchased the entire Long Island parcel for an option price of between $10,000 and $100,000. " . (see exhibit E, attached to Motion to Dismiss, the appraisal report). Plaintiff knowingly misinforms the court of the uncontroverted facts known to him at the time the instant complaint was filed. Before the purchase and during the due diligence period the plaintiff hired one of the most reputable appraisers in the Caribbean. The plaintiff and only the plaintiff hired the appraisal company and issued them instructions. The appraisal resulted in a detailed 79 page report which concluded the fair market value of the property was approximately US$6,900,000.00. Thus, the value of the property established by the plaintiff's own appraisal was 2.9 million dollars higher than the 4 million price that was negotiated. The appraisal is even higher than purchase price both at the time of

initial contract and even higher at the time of the amended agreement. The receiver is misinformed and ignorant as to the transaction that led to the purchase of the property evem though it is not relevant to the inquiry. The plaintiff has had that appraisal in his possession long before the instant complaint was filed and nevertheless chose to misinform or lie to the court about the value of the property and substitute his opinion as to the market value of property in a jurisdiction the plaintiff knows very Little to nothing about. Plaintiff conveniently turns a blind eye to the independent appraisal that was performed at his (Newport's) request (**see exhibit E** The independent appraisal report commissioned by Newport)). It should be noted that the underlying case was and is against Sanctuary Belize. The defendants never transacted any business with Sanctuary Belize. The Defendants were informed by Frank Connelly the only agent of Newport that Bella Mar dealt with that a private investor named Mathew Boyer provided all of the funds used by Newport to pay Bella Mar. Frank Connelly further informed Bella Mar that Sanctuary Belize funds were never used by Newport and that Newport was not in any way associated with Sanctuary Belize. The receiver in his filing only alleges "upon information and belief " that Sanctuary Belize funds were used to pay Bella Mar, but fails to attach the documentary proof that this is the case. This is the most material and relevant aspect of his case, and he is in possession of

all of the bank records documents pertaining to Sanctuary Belize and Newport but fails to attach a single document showing that Bella mar was paid a single dollar with Santuary investors funds.

10. In paragraph 85 of the complaint the plaintiff states, "Additionally, the receiver is informed and believes and thereon alleges that the deal documents and amended mortgage should be rescinded because Bella mar did not have sufficient title in the Long Island parcel to convey ownership."

This statement is untrue and shows just how fast and loose the receiver is willing to play with the facts. Newport hired Elliot Lockhart to conduct due diligence and render an opinion on title. Their attorney opined that Bella Mar had clear and marketable title to the subject property. The receivers has had in his possession both the opinion on title as well as the affidavit of Elliot Lockhart, but nevertheless chose to ignore it and substitute his opinion as to title in the Bahamas, something which he has absolutely no knowledge of. (see composite exhibit A attached to Motion to Dismiss, plaintiff's lawyer opinion on title and affidavit)

11. That the sales agreement subject of the dispute was negotiated during several months. That Newport was during all relevant times represented by counsel and all paragraphs were negotiated including the venue and law provision which make the Bahamas the venue and as well as the choice of law.

12. That I did not negotiate the agreement with Sanctuary Belize and have never done any business with Sanctuary Belize.

13. That Frank Connelly was the only person that I negotiated with. Contrary to the self-serving assertions in the complaint defendants was not aware of allegations of fraud and criminality that are cast by receiver on Andris Pukke. I met Pukke once and the only thing he revealed to me was that he once had an IRS case and that it had been settled. I was unaware of what exact role he played in Newport if any. I was and am still unaware of Pukke´s background in terms of accusations made by Plaintiff. But the plaintiff misinformed the Court by alleging that I had knowledge that Pukke was a series fraudster, nothing could be further from the truth.

14. The choice of law and forum selection clause of the agreement between the parties was freely negotiated by the parties after careful deliberation between sophisticated business people and it was agreed that Bahamas was an adequate forum for any disputes arising out of the agreement. The forum selection clause and choice of law provision of the agreement states: "this agreement and the rights and obligations of the parties hereto shall be governed by and construed in accordance with the law of the Commonwealth of the Bahamas and venue shall be in the Commonwealth of the Bahamas. The Bahamas is a stable parliamentary democratic country with a highly functional court system and independent judiciary. The court of last

resort in the Bahamas is the privy council in England. The Bahamas a former British colony follows English Common Law. The Bahamas provides an adequate forum for any dispute between the parties.

15. That Frank Connelly the only member of Newport LLC revealed to me that the funds used for the purchase of the property were from a private investor by the name of Matthew Boyer. That Matthew Boyer has confirmed to me that this is true and further related to me that he never had any business dealings with Sanctuary Belize. Frank Connelly has been cooperating fully with the receiver and has turned over to receiver all of the documents and emails pertaining to Newport. The receiver has conducted Discovery on this matter including propounding request for production of documents and the taking of Bella Mar Representative deposition. The receiver has had full knowledge and understanding that the subject property was appraised much higher than the agreed to purchase price. The receiver has had full knowledge and understanding that the property has clear and marketable title. The receiver is aware that he lacks any understanding of the law of Real Property in the Bahamas. The receiver in this matter chose to ignore the uncontroverted facts and instead shows a reckless disregard for the truth and misinform( to put it mildly) the Court by making averments in the instant complaint that he knows are untrue and contradicted by documentation in his possession and control prior to the filing of the instant case. I

have concerns regarding the receiver willfully and knowingly filing of a frivolous complaint with a battery of false allegations. I believe this complaint to be an unethical bad faith filing.

16. That I have read the factual statements made in Defendants Motion to Dismiss and attest that they are true and correct to the best of my knowledge and understanding.

17.

FURTHER AFFIANT SAYETH NAUGHT.

Jorge Diaz-Cueto, Esq.
Florida Bar No: 0143367

STATE OF FLORIDA      )
                      )
COUNTY OF MIAMI DADE COUNTY )

Sworn to and subscribed before me this ___ day of November, 2021, by Jorge Diaz-Cueto, Esq., who personally appeared before me, is personally known to me or produced Florida Drivers License as identification and did take an oath.

Notary: _____

Print Name: CESAR FAUVE

My commission expires: SEP 15, 2025

Cesar Fauve
Comm.:HH 175897
Expires: Sept. 15, 2025
Notary Public - State of Florida