UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ROBB EVANS AND ASSOCIATES
AS COURT APPOINTED RECEIVER
IN THE IN RE SANCTUARY BELIZE
LITIGATION

      Plaintiff                              CASE NO.: 8:21-CV-2049-PJM

V.

JORGE DIAZ-CUETO
AND
BELLAR MAR ESTATES, LTD

      Defendants

_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS WITH EMBEDDED MEMORANDUM OF LAW

COME NOW Defendants, Jorge Diaz Cueto ("Cueto") and Bella Mar Ltd., ("Bella Mar") by and through Jorge Diaz Cueto and their undersigned local counsel and file[1] this Reply to Plaintiff's Response To Defendants' Motion to Dismiss, and in support thereof state as follows:

1. For purposes of brevity, Defendants hereby adopts the facts alleged in Defendants' motion to dismiss.

2. Notwithstanding its 43-page response to Defendants' motion to dismiss, Plaintiff

---

[1] Defendants acknowledge filing this Reply and Memorandum after the deadline established in the Local Rules, due to a computer failure on February 24., 2022. Undersigned Local Counsel communicated with Plaintiff's counsel to advise of the late filing and inquire if there would be an objection, Plaintiff's counsel indicated that there is no Plaintiff's objection to this filing on February 25, 2022.

1

has failed to refute the simple but essential facts that: the real estate transaction entered into by and between Newport and Bella Mar was a negotiated, bona fide, arms-length transaction; that Newport was represented by competent counsel who conducted a due diligence investigation; that the property that was the subject of the transaction was worth far more than the purchase price; and that Newport breached the contract by failing to make the agreed upon payments.

3. Accordingly, Defendants submit that Plaintiff has failed to present grounds for denial of Defendants' motion to dismiss.

## MEMORANDUM OF LAW

### A. Plaintiff Failed To Establish Personal Jurisdiction Over Defendants

Plaintiff asserts in its Response that "The overwhelming majority of cases addressing this issue hold that both *in rem* and *in personam* jurisdiction are created by the intersection of 28 U.S.C. §§ 754 and 1692. However, the Fourth Circuit addressed this issue in *Gilchrist v. Gen. Elec. Cap. Corp.*, 262 F.3d 295 (4th Cir. 2001) and held that in rem jurisdiction possessed by receivership court over property of debtor located in other districts does not give court personal jurisdiction over persons in such other districts.

The Receiver argues further, that jurisdiction exists based upon nationwide service of process. However, in *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1212 (10th Cir. 2000) the Court held that in a federal question case where jurisdiction is invoked based on nationwide service of process, the Fifth Amendment requires the plaintiff's choice of forum to be fair and reasonable to the defendant and "protects individual litigants against the burdens of litigation in an unduly inconvenient forum." To establish that jurisdiction does not comport with Fifth Amendment due process principles, a defendant must first demonstrate "that his liberty interests actually have been infringed." *Id.* Thus, the burden is on the defendant to show that the

exercise of jurisdiction in the chosen forum will "make litigation so gravely difficult and inconvenient that [he] unfairly is at a severe disadvantage in comparison to his opponent. *Id*. Some of the factors to be considered when evaluating whether a defendant has met his burden "of establishing constitutionally significant inconvenience," include: (1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his state of residence or business. *Id*.

Here, Defendants have met this burden by demonstrating that Defendants have absolutely no contacts with this jurisdiction and significant inconvenience would result to Defendants having to defend this action in this jurisdiction. Further, continuation of this litigation in this district places Defendants at a severe disadvantage compared to Plaintiff.

Accordingly, Defendants submit that this Court lack personal jurisdiction over the Defendants. However, assuming arguendo that this Court finds that personal jurisdiction exists litigating this matter in this jurisdiction is unfair and unreasonable and fails to comport with the due process.

## B. The Forum Selection Clause In The Agreement Is Valid, Enforceable And Mandatory

When parties to a contract confer jurisdiction and venue on a particular court, as a general matter federal common law directs courts to favor enforcement of the agreement, so long as it is not unreasonable. *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 649 (4th Cir. 2010). A motion to dismiss based on a forum-selection clause should be properly treated under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue." *Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.,* 471 F.3d 544 (4th Cir.2006). Thus, a case may be dismissed for improper venue under Rule 12(b)(3) based on a forum-selection clause. *Gita Sports Ltd. v. SG Sensortechnik GmbH & Co. KG*, 560 F. Supp. 2d 432, 435 (W.D.N.C. 2008). A forum-selection clause can be either mandatory—providing the designated forum with exclusive jurisdiction over any disputes—or permissive—providing the designated forum with jurisdiction over the parties, but not necessarily exclusive jurisdiction. *See Scotland Memorial Hosp., Inc. v. Integrated Informatics, Inc.,* No. 1:02–cv–796, 2003 WL 151852, at *3–4 (M.D.N.C. Jan. 8, 2003).

In *Scotland Memorial*, the Court found that the forum-selection clause stating that, "venue will be the courts in Atlanta, Georgia" was mandatory noting that" "Although language such as 'exclusive' or 'sole' is not used, the specific reference to the venue indicates mandatory language.... Similarly, the court in *Lawler v. Schumacher Filters America, Inc.,* 832 F.Supp. 1044 (E.D.Va.1993) held that a forum-selection clause was mandatory because it specifically stated that "venue is in the courts of Crailsheim, Germany."

Here, the forum-selection clause contained in paragraph 12 of the Agreement for Sale states that "venue shall be in the Commonwealth of the Bahamas". Accordingly, the forum-selection clause is selecting the Commonwealth of the Bahamas is the appropriate forum is mandatory.

.

### C. The Agreement Should Be Construed Pursuant To Bahamian Law

Generally, the nature, validity and interpretation of contracts are governed by the law of the place [where the contract was] made. *Klein v. Verizon Commc'ns, Inc.,* 674 F. App'x 304, 307–08 (4th Cir. 2017). However, choice of law contractual provisions are an exception to that general rule. *Id*. "[T]he true test for the determination of the proper law of a contract is the intent of the parties and that this intent ... will always be given effect except under exceptional circumstances" *Id*. (quoting *Tate v. Hain*, 181 Va. 402, 25 S.E.2d 321, 324 (1943). See also *MainStreet Bank v. Nat'l Excavating Corp.,* 791 F. Supp. 2d 520 (E.D. Va. 2011) (under Maryland choice of law rules, parties to a contract may agree as to the law which will govern their transaction).

Here, the Agreement for Sale contained a choice of law clause selecting Bahamian Law as the appropriate law. However, even assuming California or Maryland Law the Complained failed to state a cause of action for any of the relief requested.

#### 1. Plaintiff Failed To State A Cause of Action For Rescission

Rescission of a contract may be had where the breach of contract "substantially defeats its purpose," or where the breach is material and willful, or where the breach is so substantial and fundamental "as to strongly tend to defeat the object of the parties in making the contract. *Mansfield v. Orr*, 545 F. Supp. 118, 121 (D. Md. 1982): see also *Matzelle v. Pratt*, 332 F. Supp. 1010, 1012 (E.D. Va 1971) (a general principle of contract law is that rescission should be permitted only when the complaining party has suffered a breach so material and substantial in nature that it affects the very essence of the contract and serves to defeat the object of the parties). Further, "contracts ... may be subject to rescission on a finding of fraud, duress, undue influence, or negligent misrepresentation in their making. *Lawley v. Northam*, No. CIV.A. ELH-

10-1074, 2011 WL 6013279, at 25 (D. Md. Dec. 1, 2011).

A rescission implies the entire abrogation and undoing of the contract from the beginning and seeks to create a situation the same as if no contract ever had existed. *See Fernandez Cmty. Ctr., LLC v. Toshiba Bus. Sols. (USA), Inc.*, No. 5:14-CV-692-F, 2015 WL 5054463, at 2 (E.D.N.C. Aug. 26, 2015). To state a claim for rescission, a party must also state "a plausible underlying claim for such relief." *Superior Performers,Inc. v. Ewing,* No. 1:14CV232, 2015 WL 3823907, at 4 (M.D.N.C. June 19, 2015). However, courts will not grant rescission based only on a simple breach of contract. *Id*. Rescission is a remedy based upon a substantial breach or some underlying deficiency in creating the contract, such as "fraud, imposition, undue influence, or like oppressive circumstances." *See Tarlton v. Keith,* 250 N.C. 298, 305, 108 S.E.2d 621, 625 (1959). Absent one of those additional factors, courts are unlikely to grant rescission for mere breach of contract. *Id*.

Plaintiff summarily concludes in its Response that the Agreement for Sale was illegal and or unconscionable without articulating any reason why the Agreement was illegal or unconscionable. Plaintiff next asserts that the Agreement should be rescinded due to mutual mistake and lack of consideration. However, the Agreement for Sale contradicts Plaintiff's arguments.

Bell Mar and Newport entered into a valid and enforceable contract for the purchase and sale of real property located on Long Island, Bahamas. In fact, the fair market value of the property exceeded the purchase price of the property. Thus, Newport received a substantial benefit from the Agreement. At all times during the negotiation and subsequently thereafter Newport was represented by competent legal counsel who conducted a due diligence and rigorous investigation and concluded that the transaction was proper. Newport began is

obligations pursuant to the contract by paying the required down payment and making the required monthly payments. Newport subsequently breached the contract by failing to make the monthly payments despite notice of default and demand for payment. Additionally, Plaintiff incorrectly alleges that the funds used to pay Bella Mar came from the "Sanctuary Belize" project. In fact, the funds paid to Bella Mar were provided by Mathew Boymer, an independent investor who has no relation or connection to the "Sanctuary Belize" project. Plaintiff has failed to allege any facts to support a finding of fraud, duress, undue influence, or negligent misrepresentation. Accordingly, Plaintiff has failed to state a cause of action for rescission.

### 2. Plaintiff Failed To State A Cause of Action For Breach of Contract

To prevail on a breach of contract claim under Maryland law, "a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Int'l Waste Indus. Corp. v. Cape Envtl. Mgmt., Inc.*, 988 F. Supp. 2d 542, 550 (D. Md. 2013) (quoting *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001)).

Plaintiff alleged in its response that Bella Mar "materially breached the contract by, among other things, (i) improperly and prematurely issuing the November Notice of Default; (ii) improperly requiring Newport to cure any payment default in 21-days; (iii) to the extent the 21-day period was the applicable deadline, not allowing Newport the full 21-days to cure the default; and (iv) by taking the position that ownership of the Long Island Parcel had reverted back to Bella Mar.

Bella Mar's obligation pursuant to the terms of the contract was to provide legal title to the property to Newport on payment of the purchase price. Newport breached the contract by failing to pay the agreed upon purchase price. Therefore, Bella Mar was under no obligation to transfer title to the property to Newport. In fact, Bella Mar was always willing and able to

transfer good title to Newport upon payment of the purchase price. Moreover the actions of Bella Mar that Plaintiff alleged constituted a breach were all taken by Bella Mar after Newport breached the terms of the agreement. Accordingly, Plaintiff has failed to state a cause of action for breach.

### 3. **Plaintiff Failed to State A Cause of Action For Fraudulent Transfer**

Even under California law Plaintiff failed to state a cause of action for fraudulent transfer. See also *Kirkeby v. Superior Court* (2004) 33 Cal.4th 642, 648, 15 Cal.Rptr.3d 805, 93 P.3d 395 (a fraudulent conveyance under the UFTA involves a transfer by the debtor of property to a third person undertaken with the intent to prevent a creditor from reaching that interest to satisfy its claim). However, Section 3439.08, provides that, "[a] transfer or an obligation is not voidable against a person who took in good faith and for a reasonably equivalent value" Thus, a showing of good faith and reasonably equivalent value is all that is required to defeat a creditor's action based on section 3439.04, and if a transfer is made both in good faith and for a reasonably equivalent value, then the transfer is not a fraudulent transfer under section 3439.04. See *Annod Corp. v. Hamilton & Samuels*, 100 Cal. App. 4th 1286, 1294, 123 Cal. Rptr. 2d 924, 929 (2002); *Filip v. Bucurenciu*, 129 Cal. App. 4th 825, 829, 28 Cal. Rptr. 3d 884, 886–87 (2005) (a transfer is not voidable against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee).

In this case, Bella Mar and Newport entered into an arms-length bona fide transaction for the purchase of real property located on Long Island in the Bahamas. As previously stated, the market value of the property exceeded the purchase price therefore, but for the breach by Newport, Newport would have obtained a substantial benefit from the purchase of the property.

Further, Section 3439.04 was enacted to protect "creditors" from fraudulent transfers. Plaintiff is certainly not a creditor and cannot benefit from the protections offered by Section 3439.04. Additionally, Plaintiff incorrectly allege that the funds used to pay Bella Mar came from the "Sanctuary Belize" project. As previously stated, the funds paid to Bella Mar were provided by Mathew Boymer, an independent investor who has no relation or connection to the "Sanctuary Belize" project. Clearly, the facts alleged in the Complaint failed to satisfy the requirement of section 3439.04. Moreover, Bella Mar obtained the payments from Newport in good faith and for a reasonably equivalent value and without any intent to hinder, delay or defraud any creditor. Accordingly, Plaintiff has failed to state a cause of action for fraudulent transfer.

**4. Plaintiff Failed To State A Cause of Action For Unjust Enrichment**

In Maryland, an unjust enrichment claim has three elements: (1) "[a] benefit conferred upon the defendant by the plaintiff"; (2) "[a]n appreciation or knowledge by the defendant of the benefit"; and (3) "the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Berry & Gould, P.A. v. Berry*, 757 A.2d 108, 113 (Md. 2000).

Here, the fair market value of the property exceeded the purchase, thus Newport obtained a substantial benefit from the transaction. Further, given that the parties had entered into a purchase and sale agreement, Bella Mar took the property off the market and ceased marketing it for sale. It is the law of the Bahamas that in real estate transactions the deposit and payments made by a buyer are forfeited to the seller if the buyer breaches the contract. The situation here is no different. Thus, the retention of the funds by Bellar Mar was justified as it was consideration for the fact that Bella Mar took the Property off the market and stopped marketing the Property for sale. The funds retained by Bella Mar was just compensation for the loss

suffered by Bella Mar as a result of Newport's breach. Accordingly, Plaintiff has failed to state a cause of action for unjust enrichment.

### 5. Plaintiff Failed To State A Cause of Action For Piercing The Corporate Veil

As a general rule, "a corporation is an entity, separate and distinct from its officers and stockholders, and ... its debts are not the individual indebtedness of its stockholders." *DeWitt Truck Brokers, Inc. v. W. Ray Fleming Fruit Co.*, 540 F.2d 681, 683 (4th Cir. 1976). However, under the equitable doctrine of piercing the corporate veil, in extraordinary circumstances, courts will disregard the corporate form, "exposing those behind the corporation to liability." *Keffer v. H.K. Porter Co.*, 872 F.2d 60, 64 (4th Cir. 1989). "The standard for piercing the corporate veil is high, but its purpose is to 'achieve an equitable result' by 'focus[ing] on reality and not form, on how the corporation operated and the [defendants'] relationship to that operation.' " *Flame S.A. v. Freight Bulk Pte. Ltd.*, 807 F.3d 572, 587 (4th Cir. 2015) (first alteration in original) (quoting *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 544 (4th Cir. 2013)). [I]n extraordinary cases, such as the corporate form being used for wrongful purposes, courts will pierce the corporate veil and disregard the corporate entity, treating the parent corporation and its subsidiary as a single entity." *Vitol, S.A. v. Primerose Shipping Co.,* 708 F.3d 527, 544 (4th Cir. 2013) quoting *Corrigan v. U.S. Steel Corp.,* 478 F.3d 718, 724 (6th Cir.2007). [A] corporate entity is liable for the acts of a separate, related entity only under extraordinary circumstances, commonly referred to as "piercing the corporate veil." *Dry Handy Invs., Ltd. v. Corvina Shipping Co. S.A.,* 988 F. Supp. 2d 579, 582 (E.D. Va. 2013). However, "decisions to pierce a corporate veil, exposing those behind the corporation to liability, must be taken reluctantly and cautiously." *Id*. "In Maryland, courts will disregard the corporate form only where it is necessary to prevent fraud or enforce a paramount equity." *Baltimore Line Handling Co. v. Brophy*, 771 F. Supp. 2d

531, 547 (D. Md. 2011). Thus, under Maryland law, a court may pierce the corporate veil only to prevent fraud or enforce a paramount equity. *See Bart Arconti & Sons, Inc. v. Ames–Ennis, Inc.,* 275 Md. 295, 310, 340 A.2d 225, 234 (1975); *Dixon v. The Process Corp.,* 38 Md. App. 644, 656, 382 A.2d 893, 900 (1978) ("We make it clear that the rule of law in this State is that no matter how flimsily woven is the corporate curtain, it may not be flung aside except to prevent fraud or endorse [enforce] a paramount equity."). The alter ego doctrine, then, is not a separate basis for piercing the veil, but is rather subsumed "in the notion of paramount equity." *Hildreth v. Tidewater Equipment Co., Inc.,* 378 Md. 724, 739, 838 A.2d 1204, 1212–13 (2003). Therefore, in order to pierce the corporate veil, plaintiff's well-pleaded allegations and evidence must be tantamount to fraud or invoke a paramount equity. *Baltimore Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 552–53 (D. Md. 2011). Further, Maryland courts require parties seeking to pierce the corporate veil by alleging fraud to meet a higher standard and make a more vigorous factual showing than do other jurisdictions. Plaintiffs alleging fraud cannot rely on a preponderance of the evidence but must rather "present[ ] clear and convincing evidence. *Residential Warranty Corp.,* 126 Md. App. at 308, 728 A.2d at 790 (*citing Dixon,* 38 Md. App. at 656, 382 A.2d at 900 (concluding that "the law of Maryland mandates that proof of fraud in a civil action, either in law or in equity, must be clear and convincing"); *see also Starfish Condominium Ass'n v. Yorkridge Serv. Corp.,* 295 Md. 693, 714, 458 A.2d 805, 805 (1983). To find that the corporate cloak has been used to perpetuate fraud, Maryland courts have looked for "deliberate actions"

### 6. Plaintiff Failed To State A Cause of Action For Turnover of Receivership Property

Plaintiff's claim that the funds retained by Bella Mar constitute receivership property is without any merit. Contrary to Plaintiff's allegations, the funds received by Bella Mar were

specifically provided by an independent investor who provided the funds to purchase of the property on Long Island. Further, the purchase and sale agreement between Newport and Bella Mar was valid, legal and enforceable and not subject to reach by Plaintiff. In fact, but for Newport's breach, Newport stood to gain a substantial benefit from the transaction as the fair market value of the Property exceeded the purchase price of the property. Accordingly, Plaintiff has failed to establish that the funds received by Bella Mar is receivership property.

### D. The Exhibit Attached To Defendants' Motion To Dismiss Is Appropriate For Consideration By The Court

When a defendant attaches a document to its motion to dismiss for failure to state a claim, the court may consider it in determining whether to dismiss the complaint if it was integral to and explicitly relied on in the complaint and if the plaintiff does not challenge its authenticity. *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509 (D. Md. 2016); *Johnson v. James B. Nutter & Co.*, 438 F. Supp. 3d 697 (S.D.W. Va. 2020) (courts may consider documents outside the complaint in limited circumstances without converting a motion to dismiss for failure to state a claim into one for summary judgment, so long as the document was integral to the complaint and there is no dispute about the document's authenticity).

In *Fisher v. Maryland Dep't of Pub. Safety & Corr. Servs.,* No. JFM-10-CV-0206, 2010 WL 2732334, at 2 (D. Md. July 8, 2010) the Court explained that when a defendant attaches documents to a motion to dismiss, a court has three options. First, if the documents meet certain requirements, the court may consider them when evaluating the motion to dismiss. If the documents do not qualify for consideration at the motion to dismiss stage, the court has two other alternatives: (1) it can either entirely disregard the attached documents; or (2) under limited circumstances, it may convert the motion into a motion for summary judgment and consider all

attached documents. Under the first approach, documents attached to the motion to dismiss may be considered, "so long as they are integral to the complaint and authentic." To be considered, an attached document must "be central or integral to the claim in the sense that its very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Walker v. S.W.I.F.T. SCRL,* 517 F.Supp.2d 801, 806 (E.D.Va.2007) (emphasis added).

Thus, there are only two conditions to be satisfied in order that exhibits attached to a motion to dismiss be considered without converting the motion to dismiss to a motion for summary judgment. First, the exhibit must be integral to the complaint and second, Plaintiff does not challenge its authenticity. Here, the basis for this action is the real estate transaction entered into by and between Bella Mar and Newport that Plaintiff claim was improper. The affidavits, opinion of Newport's counsel, appraisal and other exhibits attached to the motion to dismiss are integral to the complaint as these documents that the real estate transaction was in fact a bona fide, arms-length and negotiated transaction that, but for Newport's breach of the agreement, Newport would have acquired property, the value of which, exceeded the purchase price. Further, the affidavits and other exhibits properly challenge this Court's personal jurisdictions over Defendants.

Accordingly, the exhibits attached to the motion to dismiss meet the established required criteria for consideration by this Court in determining whether to dismiss Plaintiff's complaint. Indeed, this Court should disregard the heightened summary judgment evidence standard proposed by Plaintiff in evaluating the exhibits attached to Defendants' motion to dismiss.

Based upon the foregoing reasons and legal authorities set forth herein Defendants submit that Plaintiff's Complaint should be dismissed, with prejudice.

WHEREFORE, Defendants, Jorge Diaz Cueto and Bella Mar respectfully request that

this Honorable Court enter an Order dismissing Plaintiff's Complaint, with prejudice, and for any further relief this Court deems just and proper.

Respectfully Submitted,

/s/
Jorge Diaz-Cueto    jorgediazcueto@bellsouth.net
6747 Crandon Boulevard
Key Biscayne, FL 33149
305-890-3600
Defendant, *in proper person* and out-of-state attorney for Defendant Bella Mar Estates LTD.

/s/
Brian D. Lyman    bdl@hbdlaw.com
Federal Bar No. 27360
Michael G. Von Sas    mgv@hbdlaw.com
Federal Bar No. 22992

HILLMAN, BROWN & DARROW, P.A.
221 Duke of Gloucester Street
Annapolis, Maryland 21401
410-263-3131/ (fax) 410-269-7912
Local Counsel for Defendants
Diaz-Cueto and Bella Mar Estates, Ltd

**CERTIFICATE OF SERVICE**

    I hereby certify on this 25th day of February, 2022 that a copy of the foregoing DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS WITH EMBEDDED MEMORANDUM OF LAW was filed using the electronic case filing system (ECF) maintained by the United States District Court for the District of Maryland, and I separately sent a copy to the following counsel of record via email: Gary Owen Caris at gcaris@btlaw.com, James E. Van Horn at jvanhorn@btlaw.com, and Kevin C. Driscoll, Jr., at kevin.driscoll@btlaw.com.

/s/

Brian D. Lyman