UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ROBB EVANS AND ASSOCIATES
AS COURT APPOINTED RECEIVER
IN THE IN RE SANCTUARY BELIZE
LITIGATION

       Plaintiff                       CASE NO.: 8:21-CV-2049-PJM

VS.

JORGE DIAZ-CUETO
AND
BELLAR MAR ESTATES, LTD

       Defendants

_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
EVIDENTIARY OBJECTIONS WITH EMBEDDED MEMORANDUM OF LAW**

COME NOW Defendants, Jorge Diaz Cueto ("Cueto") and Bella Mar Ltd., ("Bella Mar") by and through Jorge Diaz Cueto and their undersigned local counsel and file this Response In Opposition To Plaintiff's Evidentiary Objections, and in support thereof state as follows:

1. Defendants filed a motion to dismiss Plaintiff's complaint and attached a number of exhibits in support of the motion.

2. Plaintiff has filed an evidentiary objection to these exhibits asserting that the exhibits are not presented in a form that would be admissible in evidence.

3. However, presentation of exhibits in a form that would be admissible in evidence is required the under the heightened summary judgment standard but not required for consideration of a motion to dismiss.

4. Accordingly, Defendants submit that Plaintiff's evidentiary objections are

irrelevant and improper for consideration of Defendants' motion to dismiss.

## MEMORANDUM OF LAW

When a defendant attaches a document to its motion to dismiss for failure to state a claim, the court may consider it in determining whether to dismiss the complaint if it was integral to and explicitly relied on in the complaint and if the plaintiff does not challenge its authenticity. *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509 (D. Md. 2016); *Johnson v. James B. Nutter & Co.*, 438 F. Supp. 3d 697 (S.D.W. Va. 2020) (courts may consider documents outside the complaint in limited circumstances without converting a motion to dismiss for failure to state a claim into one for summary judgment, so long as the document was integral to the complaint and there is no dispute about the document's authenticity).

In *Fisher v. Maryland Dep't of Pub. Safety & Corr. Servs.,* No. JFM-10-CV-0206, 2010 WL 2732334, at *2 (D. Md. July 8, 2010) the Court explained that when a defendant attaches documents to a motion to dismiss, a court has three options. First, if the documents meet certain requirements, the court may consider them when evaluating the motion to dismiss. If the documents do not qualify for consideration at the motion to dismiss stage, the court has two other alternatives: (1) it can either entirely disregard the attached documents; or (2) under limited circumstances, it may convert the motion into a motion for summary judgment and consider all attached documents. Under the first approach, documents attached to the motion to dismiss may be considered, "so long as they are integral to the complaint and authentic." To be considered, an attached document must "be central or integral to the claim in the sense that its very existence, and not the mere information it contains, gives rise to the legal rights asserted." *Walker v. S.W.I.F.T. SCRL,* 517 F.Supp.2d 801, 806 (E.D.Va.2007) (emphasis added).

Thus, there are only two conditions to be satisfied in order that exhibits attached to a

motion to dismiss be considered without converting the motion to dismiss to a motion for summary judgment.  First, the exhibit must be integral to the complaint and second, Plaintiff does not challenge its authenticity.  Here, the basis for this action is the real estate transaction entered into by and between Bella Mar and Newport that Plaintiff claim was improper.  The affidavits, opinion of Newport's counsel, appraisal and other exhibits attached to the motion to dismiss are integral to the complaint as these documents that the real estate transaction was in fact a bona fide, arms-length and negotiated transaction that, but for Newport's breach of the agreement, Newport would have acquired property, the value of which, exceeded the purchase price. Further, the affidavits and other exhibits properly challenge this Court's personal jurisdictions over Defendants.

Accordingly, the exhibits attached to the motion to dismiss meet the established required criteria for consideration by this Court in determining whether to dismiss Plaintiff's complaint. Indeed, this Court should disregard the heightened summary judgment evidence standard proposed by Plaintiff in evaluating the exhibits attached to Defendants' motion to dismiss.

WHEREFORE, Defendants, Jorge Diaz Cueto and Bella Mar respectfully request that this Honorable Court overrule and reject Plaintiff's evidentiary objections in considering Defendants' motion to dismiss.

Respectfully Submitted,

/s/_____
Jorge Diaz-Cueto    jorgediazcueto@bellsouth.net
6747 Crandon Boulevard
Key Biscayne, FL 33149
305-890-3600
Defendant, *in proper person* and out-of-state attorney for Defendant Bella Mar Estates LTD.

/s/
Brian D. Lyman          bdl@hbdlaw.com
Federal Bar No. 27360
Michael G. Von Sas      mgv@hbdlaw.com
Federal Bar No. 22992

HILLMAN, BROWN & DARROW, P.A.
221 Duke of Gloucester Street
Annapolis, Maryland 21401
410-263-3131/ (fax) 410-269-7912
Local Counsel for Defendants
Diaz-Cueto and Bella Mar Estates, Ltd

## CERTIFICATE OF SERVICE

I hereby certify on this 28th day of February, 2022 that a copy of the foregoing DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S EVIDENTIARY OBJECTIONS WITH EMBEDDED MEMORANDUM OF LAW was filed using the electronic case filing system (ECF) maintained by the United States District Court for the District of Maryland, and I separately sent a copy to the following counsel of record via email: Gary Owen Caris at gcaris@btlaw.com, James E. Van Horn at jvanhorn@btlaw.com, and Kevin C. Driscoll, Jr., at kevin.driscoll@btlaw.com.

/s/

Brian D. Lyman